United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUMATRA KENDRICK, et al.,

Plaintiffs,

v.

XEROX STATE AND LOCAL SOLUTIONS, INC., et al.,

Defendants.

Case No. 18-cv-00213-RS

**ORDER GRANTING MOTION TO REMAND**

**I. INTRODUCTION**

Plaintiffs Sumatra Kendrick and Michelle Kelly filed this putative class action in San Francisco Superior Court. The operative complaint asserts state law claims against defendants Bay Area Toll Authority ("BATA"), Golden Gate Bridge Highway and Transportation District ("GGB"), and Conduent State and Local Solutions, Inc. f/k/a Xerox State & Local Solutions ("Conduent"). At issue is toll collection on the Golden Gate Bridge and other Bay Area bridges and the alleged attendant disclosure of consumers' personally identifiable information ("PII").

Conduent removed the action to this court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), *see* 28 U.S.C. § 1332(d), contending that the amount in controversy can be reasonably estimated to exceed the $5 million threshold for jurisdiction under CAFA. Plaintiffs seek remand under three theories: (1) Conduent failed to establish the amount in controversy is sufficient; (2) even if the amount in controversy does meet the jurisdictional requirement, remand is appropriate under at least one exception to CAFA jurisdiction; and (3) removal is precluded

under Section 1332(d)(5) because the primary defendants are state actors. Although plaintiffs' arguments regarding the amount in controversy and exceptions to CAFA jurisdiction fail, defendants have not carried their burden of satisfying the jurisdictional requirements of Section 1332(d)(5). Therefore, the motion to remand must be granted.

## II. LEGAL STANDARD

Under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d), federal courts have original jurisdiction over class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). A class action that meets CAFA standards may be removed to federal court. 28 U.S.C. § 1441(a).

By enacting CAFA, Congress intended to ease the ability of defendants to remove certain class or mass actions to federal court. Accordingly, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Evidentiary submissions supporting the grounds for removal are not required.

A court evaluating a challenge to CAFA jurisdiction looks first to the allegations in the complaint. In general, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra,* 775 F.3d at 1197. (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id.* The defendant must also persuade the court that the estimate of damages in controversy is a reasonable one, and that the action satisfies the other requirements of CAFA. When defendants' amount in controversy estimate is contested by plaintiffs, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy

requirement has been satisfied." *Ibarra*, 775 F.3d at 1197 (citing *Dart*, 135 S. Ct. at 554). The parties may provide "summary-judgment type evidence relevant to the amount in controversy," including affidavits, declarations, and other evidence outside the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

CAFA instructs the district court to determine its jurisdiction by "adding up the value of the claim[s] of each person who falls within the definition of [the] proposed class and determin[ing] whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). Once jurisdiction is established, the party seeking remand bears the burden of proof as to any express statutory exceptions that bar removal. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).

## III. DISCUSSION

### A. Amount in Controversy

In its Notice of Removal, Conduent based its amount in controversy estimate on plaintiffs' proposed class size of "hundreds of thousands (if not millions) of Class Members" and requested "statutory damages in the amount of no less than $2,500 or $4,000 (as applicable)." Compl. at 33-34. According to Conduent, even a conservative estimate of the amount in controversy, taking into account plaintiffs' additional request for punitive damages and attorneys' fees, would result in a figure well above the $5 million threshold.

In response to plaintiffs' challenge to its amount in controversy allegations, defendants' joint opposition attaches a declaration from the company's regional vice president David Wilson, which calculates the proposed class to be at most 509,983,561 members, which reflects the number of motorists assessed a penalty or charged with toll evasion for toll-bridge crossings since 2012, including over 84,024,846 on the Golden Gate Bridge. *See* Declaration of David Wilson ("Wilson Decl.") ¶ 8. This calculation, however, appears to be based on a class definition asserted in an earlier related case, rather than the definition put forth in the operative complaint in this

case.[1] Here, plaintiffs propose a class consisting of "(a) all consumers who, between May 1, 2011 and the present, had their PII provided to any person who was not authorized to receive the PII pursuant to California Streets and Highways § 31490; (b) all consumers who between May 1, 2011 and the present had their PII provide[sic] to a person who was not authorized to receive the PII in violation of the Fastrak application and/or privacy policy." Compl. ¶ 58. As plaintiffs correctly point out, Wilson's calculations do not take into consideration the fact that the class is limited to those motorists who have had their PII provided to third parties.

Despite Conduent's reasonable reliance upon the complaint's prayer for relief in assuming a damages floor of $2,500 per class member, the lack of relationship between its estimate of the class size and the class definition calls into question the reasonableness of Conduent's calculations. That being said, plaintiffs have offered no evidentiary support suggesting a lower number of class members, and indeed claim on the face of their complaint that the size of the putative class is "hundreds of thousands (if not millions)." Thus, while the erroneous class definition used in the Wilson Declaration renders those calculations flawed, Conduent is entitled to assume, based on the allegations in the complaint, that class membership consists of at least 100,000 individuals. With a damages estimate of $2,500 per class member, the amount in controversy in this case is well over the $5 million threshold.

**B. Exceptions to CAFA Jurisdiction**

　　**1. Local Controversy**

The "local controversy" exception provides that a district court "shall decline to exercise jurisdiction" under CAFA with respect to a class action in which (1) more than two-thirds of the proposed plaintiff class(es) are citizens of the state in which the action was originally filed, (2) there is at least one in-state defendant against whom "significant relief" is sought and "whose alleged conduct forms a significant basis for the claims asserted" by the proposed class, (3) the "principal injuries" resulting from the alleged conduct of each defendant were incurred in the state

---

[1] *See Complaint ¶ 82, Kelly v. BATA et al.*, No. 3:16-cv-6837-RS (N.D. Cal. Feb. 3, 2017).

of filing, and (4) no other class action "asserting the same or similar factual allegations against any of the defendants" has been filed within three years prior to the present action. 28 U.S.C. § 1332(d)(4)(A). Conduent contends that the local controversy exception is inapplicable to this case because plaintiffs fail to satisfy the first and fourth prongs described above.

"Where facts are in dispute, [CAFA] requires district courts to make factual findings before granting a motion to remand a matter to state court." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013). Remand will not be granted based on the plaintiff's allegations in the complaint alone, when they are challenged by the defendant. *See id.* at 884. Here, plaintiffs seek significant relief from two in-state defendants, BATA and GGB, for injuries they incurred in California. With respect to the citizenship of the class, plaintiffs submit a 2006 newspaper article that indicates as much as 70 percent of the traffic on the Golden Gate Bridge might be comprised of California citizen motorists during rush hour. Defendants challenge the sufficiency of this showing, as the article dates from outside the class period and describes the use of only one bridge during a circumscribed period of time. Notwithstanding defendants' criticism, absent evidence that the relative number of California citizen bridge crossers varies dramatically across different years, times of day, or bridges, it is reasonable to assume from the 70 percent figure that at least two-thirds of the proposed class is comprised of California citizens.

Despite satisfying the first three requirements of the local controversy exception, plaintiffs are precluded from seeking remand by the existence of a prior class action "asserting the same or similar factual allegations" against the defendants in this action. In *Kelly v. Bay Area Toll Authority et al.*, No. 3:16-cv-6837-RS, plaintiff Michelle Kelly brought suit against BATA, GGB, and Conduent based on allegations about toll collection procedures on Bay Area bridges. While appearing to concede that the earlier filed case involved similar parties and factual allegations, plaintiffs contend that since *Kelly* has been related to this action, it should not be considered a "prior class action" within the meaning of 1332(d)(4)(A). On this point, plaintiffs' heavy reliance upon a single Ninth Circuit case, *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923 (9th Cir. 2015, is misguided. There, the Court considered two cases that were consolidated in state

court prior to removal, and concluded they were properly treated as a single action for CAFA jurisdictional purposes. *See id.* at 925. Plaintiffs offer no persuasive reasons for extending *Bridewell-Sledge*'s holding to related actions, which proceed before the same judge, but are not otherwise merged in the same manner as consolidated proceedings. Therefore, despite its relation to the present case, *Kelly* is a prior class action within the last three years that bars remand under the local controversy exception.

### 2. Home State

Under a similar provision of CAFA, dubbed the "home-state controversy" exception, "[a] district court shall decline to exercise jurisdiction . . . where two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). As explained in Part B.1, plaintiffs have made a sufficient showing that more than two-thirds of the proposed class members are California residents, thus satisfying the first requirement. With respect to the second, two of the three primary defendants in this action, BATA and GGB, are California citizens. Conduent's citizenship, according to plaintiffs, should not be factored into the home state exception analysis because it is not a "primary defendant" within the meaning of CAFA.

A definition of "primary defendants" is not included in the statute, and the term has been subject to considerable interpretation in the district courts. Plaintiffs suggest that districts courts weigh factors such as whether the defendant is "(1) [one] who has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the claims asserted by plaintiffs; or (5) is the only defendant in one particular cause of action." *Sorrentino v. ASN Roosevelt Center, LLC*, 588 F. Supp. 2d 350, 359 (E.D.N.Y. 2008). In general, a "primary defendant" is "anyone 'who has a substantial exposure to a significant portion of the proposed class in the action.'" *Chalian v. CVS Pharmacy, Inc.*, No. CV1608979, 2017 WL 1377589, at *3 (C.D. Cal. Apr. 11, 2017).

As plaintiffs would characterize it, Conduent is not the main target of their allegations

because it merely assists BATA and GGB with the operation and management of toll collection. A close examination of the operative complaint, however, gives no indication that Conduent is a secondary actor in the wrongdoing. Plaintiffs sue Conduent directly for providing class members' personally identifiable information to unauthorized entities, Compl. ¶¶ 70, 80-82, engaging in privacy violations, Compl. ¶¶ 89-90, 103, having non-compliant privacy policies, Compl. ¶¶ 110-119, violating the Rosenthal Fair Debt Collection Practices Act, Compl. ¶¶ 120-123, and breaching the FastTrak agreement, Compl. ¶¶ 147-150. Conduent is the sole defendant named in plaintiffs' claims under California's Unfair Competition Law, Compl. ¶¶ 124-136, and California's Consumer Legal Remedies Act, Compl. ¶¶ 137-146. Therefore, there is no question that Conduent would face substantial liability should class members prevail on their claims. Conduent is incorporated in New York and has its principal place of business in Texas. Because plaintiffs have submitted no evidence showing that Conduent is in fact a citizen of California, they fail to meet their burden of demonstrating the applicability of the home state controversy exception.[2]

### C. State Action

Section 1332(d)(5) states that CAFA removal is precluded for class actions involving fewer than 100 class members and where "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." While some circuits have treated this section as a CAFA "exception," the Ninth Circuit has stated clearly its view that the requirements of Section 1332(d)(5) are in fact a prerequisite for jurisdiction. *See Serrano*, 478 F.3d at 1020 n.3:

> The Fifth Circuit characterized § 1332(d)(5) as an "exception" to CAFA jurisdiction conferred under § 1332(d)(2). *See Frazier,* 455 F.3d at 546. We view § 1332(d)(5) somewhat differently. Although subsection (5) appears later in the statute, it plainly provides that "*paragraphs (2) through (4) shall not apply to any class action* in which (A) the primary defendants are States, State officials, or other governmental entities

---

[2] Plaintiffs submit evidence that Conduent has a street address in Virginia, a mailing address in Texas, an agent for service of process in California, and corporate officers in New Jersey but does not explain how these facts indicate California citizenship. *See* Lindemann Decl., Ex. E.

United States District Court
Northern District of California

 against whom the district court may be foreclosed from ordering relief; or (B) the number of members of all proposed plaintiff classes in the aggregate is less than 100." § 1332(d)(5) (emphasis added). Thus, satisfaction of § 1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction under § 1332(d)(2). . . . Our approach is consistent with the view adopted by the Seventh Circuit in *Hart,* 457 F.3d at 679 (holding that the provisions of § 1332(d)(5) must be satisfied before CAFA applies to a class action).

Neither party disputes that BATA and GGB are government agencies and therefore qualify as state actors under the statute. While acknowledging that Conduent is organized as a private corporation, plaintiffs argue that its presence should be disregarded for purposes of the state action inquiry because it is not a "primary defendant." As explained *supra* in Part B.2, the nature of direct allegations against Conduent, including two claims asserted against Conduent alone, demonstrate that Conduent is indeed a primary defendant that is subject to substantial liability.[3]

Even assuming that Conduent is a primary defendant, plaintiffs argue that the state action requirement is satisfied because Conduent "acted under color of state law when it participated in assessing, collecting, and adjudicating tolls and penalties." Reply at 10. "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc) (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)) (internal quotation marks omitted) (alteration in original).

"Some of the factors to consider in determining whether there is a 'close nexus' are: (1) the organization is mostly comprised of state institutions; (2) state officials dominate decision making of the organization; (3) the organization's funds are largely generated by the state institutions; and (4) the organization is acting in lieu of a traditional state actor." *Id.* (citing *Brentwood Acad.*, 531 U.S. at 295-99. The Supreme Court has "held that a challenged activity may be state action when it results from the State's exercise of coercive power, . . . when the State provides significant

---

[3] Unlike CAFA exceptions analysis, Section 1332(d)(5) jurisdictional analysis puts the burden on defendants, rather than plaintiffs, to establish that Conduent *is* a primary defendant. Defendants have satisfied that burden by pointing to the face of the complaint, which alleges a course of wrongful conduct in which Conduent was an integral actor.

encouragement, either overt or covert, . . . or when a private actor operates as a willful participant in joint activity with the State or its agents." *Brentwood Acad.*, 531 U.S. at 296 (citations and internal quotation marks omitted). The Supreme Court has also "treated a nominally private entity as a state actor when it is controlled by an agency of the State, . . . when it has been delegated a public function by the State, . . . when it is entwined with governmental policies, or when government is entwined in [its] management or control." *Id.* (citation and internal marks omitted) (alteration in original).

Here, plaintiffs assert that while Conduent is organized as a private entity, it is a state actor for jurisdictional purposes because it (1) "physically operates within the facilities of the BATA Defendants," (2) "wields the authority of the BATA defendants to report toll violations and to administer toll proceedings," and (3) was "compensated based on each notice of violation it sent." Reply at 10; *see also* Compl. ¶ 6. According to plaintiffs, Conduent "provide[s] and administer[s] the Fastrak and Pay-By-Plate programs and manage[s] the assessment, notification, and collection of fines and penalties pertaining to toll invoices and toll evasion violations on the GCB." Compl. ¶ 6. The complaint further alleges that Conduent is a "processing agency" within the meaning of California Vehicle Code 40250 and has accordingly been delegated a public function by BATA and GGB. While these facts do suggest a close relationship between Conduent and the government agencies, it is difficult to assess from the pleadings alone, whether Conduent was merely a government contractor or had stepped into a role that was "traditionally the exclusive prerogative of the State." *Rendell Baker v. Kohn*, 457 U.S. 830, 842 (1982). That being said, plaintiffs allege that Conduent, BATA, and GGB are inextricably intertwined such that the actions of one entity can be imputed to the others. As the assessment of tolls on state-owned bridges arguably exercises the coercive power of the state, to the extent plaintiffs accuse Conduent of acting in concert with government agencies to violate class members' rights, they have alleged state action on the face of the complaint.[4]

---

[4] In sparring over the definitions of "primary defendant" and "state actor," the parties appear to take somewhat inconsistent positions regarding the issue of whether Conduent is a central player

Aside from merely asserting that Conduent is a private corporation and government contractors are not necessarily state actors, defendants fail to address the issue of state action in any depth. At the hearing on plaintiffs' motion to remand, defendants suggested that Conduent cannot be considered a state actor because the complaint named only BATA and GGB as "state actors" under the subsection "State Action." In that same subsection, however, plaintiffs also lay out their reasons for alleging state action against Conduent: (1) pervasive entanglement with government agencies, (2) joint enterprise with government agencies, and (3) command of the power of the state. *See* Compl. ¶¶ 30-32. Defendants also argued that Conduent did not engage in state action because it has no discretion in the execution of its contractual obligations to BATA and GGB. Conduent's purported lack of discretion, however, is not evident from the face of the complaint or any submissions put forth by defendants.[5] As the parties claiming CAFA jurisdiction, defendants bear the burden of establishing the satisfaction of Section 1332(d)(5)'s requirements. Because they have not satisfied that burden, Section 1332(d)(5)'s jurisdictional requirements appear to be lacking and thus, removal was improper.

**D. Attorney's Fees**

In addition to remand, plaintiffs seek an award of attorney's fees incurred as a result of removal. Attorney's fees are available under Section 1447(c) only "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As the extensive discussion above indicates, although removal appears to have been improper, defendants' stated grounds for removal were not objectively unreasonable.

---

in the alleged wrongdoing or only a minor assistant. At the same time, under *Serrano*, it is defendants' burden to show that state action does not preclude removal under Section 1332(d)(5), and the parties' arguments are analyzed with an eye to that burden.

[5] The Declaration of David Wilson states, "Conduent is a private corporation that contracted with [BATA] to operate and manage toll collection on the Golden Gate Bridge ('GGB') . . . as well as other toll bridges. Conduent manages the FasTrak Regional Customer Service Center ('FasTrak'), which coordinates toll operation and communications with motorists regarding tolls, fines and fees pertaining to toll-bridge crossings." ¶¶ 3, 4. It is impossible to determine from these attestations the level of discretion afforded to Conduent in carrying out these tasks.

Therefore, plaintiffs' request for attorney's fees is denied.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion to remand is granted and their request for attorney's fees is denied.

**IT IS SO ORDERED**.

Dated: April 3, 2018

_____
RICHARD SEEBORG
United States District Judge