FILED

**FOR PUBLICATION**

DEC 13 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUMATRA KENDRICK, an individual,

        Plaintiff-Appellee,

v.

CONDUENT STATE AND LOCAL
SOLUTIONS, INC., FKA Xerox State and
Local Solutions, Inc.,

        Defendant-Appellant,

 and

BAY AREA TOLL AUTHORITY, a
California public corporation; GOLDEN
GATE BRIDGE, HIGHWAY AND
TRANSPORTATION DISTRICT, a
California public corporation,

        Defendants.

No.   18-16988

D.C. No. 3:18-cv-00213-RS

OPINION

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted November 14, 2018
San Francisco, California

Before: Mary M. Schroeder and Paul J. Watford, Circuit Judges, and David A. Ezra,[*] District Judge.

Opinion by Judge Schroeder

This is an appeal under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), from an order granting plaintiffs' motion to remand to the state court. The plaintiffs seek to maintain this action in state court on behalf of a class of users of the Golden Gate Bridge. They brought the action against the Bay Area Toll Authority ("BATA") and the Golden Gate Bridge Highway and Transportation District ("GGB"), both entities of the state of California, and against Conduent State and Local Solutions, Inc. ("Conduent"), a private company that has contracted with the state entities to operate the bridge's toll system. Plaintiffs' principle claims allege defendants are in violation of California privacy statutes prohibiting the collection of personal data. Conduent appeals the remand. While remand orders generally are not reviewable, 28 U.S.C. § 1447(d), we have discretion to review actions removed under CAFA, 28 U.S.C. § 1453(c). We granted Conduent's petition to appeal.

Although the district court found that most of the requirements for maintaining the case in federal court under CAFA were met, including the size of

---

[*] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

the class and the amount in controversy, it ruled that the principal defendants were not subject to CAFA jurisdiction.  The defendants included two state entities and Conduent, which the district court held was acting for the state.  Conduent appeals and BATA and GGB, while agreeing they belong in state court, have filed an amicus brief in support of Conduent's remaining in federal court.

Conduent argues that the case against it belongs in federal court because the district court's conclusion that Conduent is a state actor was flawed.  Conduent points to the language of a CAFA exception that provides CAFA does not apply to proposed classes where "the primary defendants are states, state officials or other governmental entities against whom the district court may be foreclosed from ordering relief."  28 U.S.C. § 1332(d)(5)(A).  Although the other two defendants are clearly governmental entities within the meaning of the statutory exception, Conduent contends it is not such an entity.  Conduent therefore argues that the district court erred and the case against Conduent must stay in federal court, even though this results in the case being litigated simultaneously in both state and federal court.  There is no dispute that the plaintiffs' case against the public entities, BATA and GGB, is now properly in state court on claims similar to those against Conduent, nor is there any dispute that Conduent is a "primary defendant."

3

The elements of CAFA jurisdiction are established in 28 U.S.C. § 1332(d)(2).  A district court shall have jurisdiction over a class action when: (1) the amount in controversy exceeds five million, and (2) any class member is a citizen of a state different from any defendant.  *Id*.  CAFA creates an exception from federal court jurisdiction for cases targeting state, local, and other government entities that may claim immunity.  *Id*. § 1332(d)(5)(A); *see Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 927-928 (9th Cir. 2015).  The exception is aimed at entities that may try to take advantage of Eleventh Amendment immunity by removing to federal court.  S. Rep. No. 109–14, at 41-42 (2005).  The Senate Report describes what Congress intended to do:

> [P]revent states, state officials, or other governmental entities from dodging legitimate claims by removing class actions to federal court and then arguing that the federal courts are constitutionally prohibited from granting the requested relief. This provision will ensure that cases in which such entities are the primary targets will be heard in state courts that do not face the same constitutional impediments to granting relief.

*Id*. at 42.

This case began in state court.  Plaintiffs/Appellees Sumatra Kendrick and Michelle Kelly filed this putative class action in San Francisco Superior Court on

November 21, 2017.  They alleged Defendants invaded their privacy and collected

their personally identifiable information when they drove over bay area toll bridges

and then shared this information with various unauthorized third parties including

car rental companies, banks, credit bureaus, and law enforcement agencies, in

violation of California Streets and Highway Code § 31490, and they asserted other

related California claims.  Section 31490 states in relevant part that "a

transportation agency may not sell or otherwise provide to any other person or

entity personally identifiable information of any person who subscribes to an

electronic toll or electronic transit fare collection system or who uses a toll bridge,

toll lane, or toll highway that employs an electronic toll collection system." *Id*. §

31490(a).

 Conduent removed the entire case from San Francisco Superior Court to the

Northern District of California under CAFA, 28 U.S.C. § 1332(d).

Plaintiffs/Appellees moved to remand, arguing, among other things, that removal is

precluded under 28 U.S.C. § 1332(d)(5)(A) because Conduent is acting on behalf

of the state even though it is a private company.  The California agencies, BATA

and GGB, were undisputedly state entities, and the district court concluded that

Conduent was as well, because it was exercising the authority of the state with

respect to the alleged violation of plaintiffs' privacy rights:

> [P]laintiffs allege that Conduent, BATA, and GGB are inextricably
> intertwined such that the actions of one entity can be imputed to the
> others. As the assessment of tolls on state-owned bridges arguably
> exercises the coercive power of the state, to the extent plaintiffs
> accuse Conduent of acting in concert with government agencies to
> violate class members' rights, they have alleged state action on the
> face of the complaint.

The district court stated that Conduent had the burden of satisfying

§ 1332(d)(5)(A) and because that burden was not met, removal was improper.

Accordingly, the district court remanded the case to state court, where it has been

assigned to the same judge presiding over related actions. The state court

proceedings have been stayed pending this appeal.

In this appeal Conduent argues the district court erred because it relied on 42

U.S.C. § 1983 case law to determine that Conduent was a state actor, and that the

district court failed to address the language of CAFA's statutory exception relating

to "other governmental entities against whom the District Court may be foreclosed

from ordering relief."

Conduent's position is that as a private entity it is outside the scope of §

1332(d)(5)(A). It accurately points out that Section 1983 cases are not controlling

because the § 1983 state actor analysis looks to an actor's role and conduct while

the CAFA inquiry goes to the nature of the entity itself. The district court's

exclusive reliance on § 1983 case law was not appropriate.  The issue is whether Conduent may be considered an instrumentality of the state.

The district court's analysis, however, also focused to some extent on the relationship between Conduent and the state entities ultimately responsible under California law for collecting bridge tolls.  Conduent is an entity acting on behalf of the state to perform toll related functions required by state statute.  California law expressly establishes civil penalties for the evasion of bridge tolls, California Vehicle Code § 40250, recognizes the existence of contractual arrangements for processing toll delinquencies with entities which it describes as "issuing agenc[ies]," § 40252, and defines an "issuing agency" as "an entity, public or private, authorized to collect tolls."  *Id*. § 40250(e)(1).

The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  This means that private individuals may not sue non-consenting state entities in federal court.  *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  The state need not be named as a defendant.  The Supreme Court has held that "the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also

certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).

To determine whether an entity is able to invoke such immunity our Court has said we generally look to a number of factors:

> (1) whether a money judgment would be satisfied out of state funds, (2) whether the entity performs central governmental functions, (3) whether the entity may sue or be sued, (4) whether the entity has the power to take property in its own name or only the name of the state, and (5) the corporate status of the entity.

*Beentjes v. Placer County Air Pollution Control Dist.*, 397 F.3d 775, 778 (9th Cir. 2005) (quoting *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988)).  We examine these factors by looking at the way state law treats the entity.  *Mitchell*, 861 F.2d at 201.

On this record, Conduent satisfies the second factor of performing a central government function and it has not asserted that it lacks any of the other characteristics.  Conduent performs the government function of processing bridge tolls, collecting fines and imposing penalties in the name of the state.  This record does not reflect whether it may satisfy the other factors.  We have observed, however, that the *Mitchell* factors are not particularly useful when applied to a private entity because a private entity cannot be an arm of the state when the relationship to the sovereign is only by contract.  *See Del Campo v. Kennedy*, 517 F.3d 1070, 1077 (9th Cir. 2008).  Here Plaintiffs contend the relationship is more

than contractual because the state has enacted a special statutory scheme for the collection of bridge tolls and has recognized the entities with whom the state contracts for such purposes as "an issuing agency."   Our case law provides no clear answer as to whether Conduent qualifies as a governmental entity within the meaning of CAFA.

Conduent contends that even if it is a government entity, it waived any immunity it might have had by removing the case to federal court. *See Lapides v. Bd. of Regents of Univ. System*, 535 U.S. 613, 624 (2002).  In deciding whether the governmental entity exception applies, however, the existence or waiver of immunity is not the issue; the only issue is whether the entity is such that a claim of immunity may be made.   Moreover the Supreme Court's holding in *Lapides'* was limited.  A state waives Eleventh Amendment immunity by removal only for state-law claims "in respect to which the State has explicitly waived immunity from state-court proceedings." *Id*. at 617.  Here, the record does not reflect that Conduent waived immunity in state court.  Accordingly, *Lapides* is not dispositive. *See id*. at 617-618 ("[n]or do we address the scope of waiver by removal in a situation where the State's underlying sovereign immunity from suit has not been waived or abrogated in state court.")

We need not decide whether the district court erred in remanding on the "other governmental entit[y]" ground pursuant to § 1332(d)(5)(A) because there is

a further justification for the remand.  The plaintiffs correctly contend that the

result is required by provisions of CAFA calling for local actions to be heard in

state court.  The local controversy exception is one of several exceptions to CAFA

removal jurisdiction.  *See Bridewell-Sledge*, 798 F.3d at 928.  It is defined at 28

U.S.C. § 1332(d)(4).  The provision instructs that a district court is required to

decline jurisdiction over a class action when: (1) more than two-thirds of the

proposed plaintiff class(es) are citizens of the state in which the action was

originally filed, (2) there is at least one in-state defendant against whom

"significant relief" is sought and "whose alleged conduct forms a significant basis

for the claims asserted" by the proposed class, (3) the "principal injuries" resulting

from the alleged conduct of each defendant were incurred in the state of filing, and

(4) no other class action "asserting the same or similar factual allegations against

any of the defendants" has been filed within three years prior to the present action.

*Id*. § 1332(d)(4)(A).  The exception's purpose is to ensure that class actions with a

local focus remain in state court rather than being removed to federal court because

state courts have a strong interest in resolving local disputes.  *Bridewell-Sledge*,

798 F.3d at 928.

Most of these requirements are met.  Plaintiffs submitted evidence indicating

that more than two thirds of the traffic on the Golden Gate Bridge during rush hour

is comprised of California citizen motorists.   28 U.S.C. § 1332(d)(4)(A)(i).  They

seek relief from two in-state defendants, BATA and GGB, for injuries incurred in California.  *Id*.  The district court refused to remand under this exception, however, because it held the fourth requirement was not met.  One of the plaintiffs in this case, Michelle Kelly, had previously filed a class action in state court on September 7, 2016, and removed to federal court on November 28, 2016, alleging similar theories.  The district court viewed that filing as disqualifying.  We conclude it is not because that case never proceeded independently and essentially became part of this case.  This is reflected in a close examination of the proceedings in both state and federal court.

Shortly after Kelly filed her case in state court as a putative class action, it was removed to federal court, where Kelly voluntarily dismissed the case as to her claims only.  When this, the Kendrick case, was filed in state court, Kelly became a plaintiff in it.  When the Kendrick case in turn was removed to federal court, the district court ordered it joined with the remainder of the Kelly case as a related case.  *See* N.D. Cal. Civ. L.R. 3.12; *see also* Fed. R. Civ. P. 42.  So when the district court remanded this case to state court, it remanded one case that included all the parties and potential parties to both the Kelly and Kendrick actions.

As we pointed out in *Bridewell-Sledge*, the reason for the no prior class action prerequisite to remand is to ensure that controversies giving rise to multiple class actions be heard in federal court in one proceeding.  *Id*. at 932.  In *Bridewell-*

*Sledge* there was no "other class action" because the prior action and the pending

action had been consolidated.  There can be no "other class actions" in this case

either, since the earlier Kelly action has been effectively succeeded by this one, in

which Kelly is a named party.  There is here, as in *Bridewell-Sledge*, every

practical reason why the local action rule should apply, and it supports the district

court's remand order.  As in *Bridewell-Sledge*, we are dealing with a single case,

not two different class actions proceeding on different tracks before different

judges.  Therefore, no "other class action" has been filed within the meaning of the

statute.  *See* 28 U.S.C. § 1332(d)(4)(A)(ii); *Bridewell-Sledge*, 798 F.3d at 928-931.

The history, language, and purpose of CAFA reflects it is to provide a

federal forum for national issues, but keep smaller and more local issues in state

court.  The Golden Gate Bridge may be a national treasure, but whether collection

of its tolls is a controversy that belongs in federal court is a different question.

Congress has provided that when the controversy is localized, the case belongs in

state court.  *See Bridewell-Sledge*, 798 F.3d at 933.  This is essentially a dispute

between those who use the bridge to travel between Marin County, California and

San Francisco, California, and defendants who are charged with operating the

bridge on behalf of the State of California.  The district court properly ruled that

the case against Conduent, the toll collector, belongs in state court with the

California entities that manage the bridge's maintenance and operation.

**AFFIRMED.**